UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDRE O'NEAL,

   Plaintiff,

v.            Case No. 18-cv-1521-pp

HOMELAND SECURITY FUSION CTR. MILWAUKEE
WISCONSIN, MILWAUKEE FUSION CTR. & EMPLOYEE,
OFFICER LIMBERG, PETER, BECERIA, and SOMERS,

   Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

   This is the second of three cases that the plaintiff—who represents himself—filed on September 27, 2018 in the Eastern District of Wisconsin. In this case, the plaintiff has sued the "Homeland Security Fusion Ctr.," the Milwaukee Wisconsin Fusion Ctr.," and four individuals named "Limberg," Peter," "Beceria" and "Somers." Dkt. No. 1. The court will allow the plaintiff to proceed without prepaying the filing fee, but will dismiss the case for failure to state a claim.

**I. Plaintiff's Motion to Proceed Without Prepayment of the Filing Fee (Dkt. No. 2)**

   The court may allow a plaintiff to proceed without prepaying the filing fees if: (1) he shows that he can't pay the filing fee; and (2) the case is not frivolous or malicious, does not fail to state a claim on which relief may be granted, and

does not seek monetary relief against a defendant that is immune from such relief. 28 U.S.C. §§1915(a) and (e)(2).

   A.   Plaintiff's Ability to Pay the Filing Fee

The plaintiff states that he is unemployed, single and has (it appears) five children (he does not provide financial support for any of them). Dkt. No. 2. He reports that he has no monthly income, no expenses, and owns no property of value. Based on these representations, the court finds that the plaintiff does not have the money to pay the $400 filing fee.

   B.   Screening

      1.   *Legal Standard*

The court must dismiss a complaint if a plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous where it "is based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Federal Rule of Civil Procedure 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to "give the

2

defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). That said, a complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). Rather, a complaint must contain sufficient factual matter, accepted as true, that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted). Because the plaintiff represents himself, the court must liberally construe the allegations of his complaint. Erikson v. Pardus, 551 U.S. 89, 94 (2007).

2. *Facts Alleged in the Plaintiff's Complaint*

The plaintiff alleges that he is a federal and state witness, and that he contacted "Homeland Security fusions Ctr" in Milwaukee, Wisconsin "by website, Calls, for Federal and State Witness Federal victim witness protection." Dkt. No. 1 at 2. He then provides a list of things: "Loss of Wages, victims compensation claims assistance, Assistance with travel and lodging for out of town witnesses and family, Assistance with restitution issues, Federal and State Witness Complaint Form." Id. After this, the plaintiff cites 18 U.S.C. §3771 and lists some of the rights that that statute provides to victims of federal crimes. Id. at 3. After this list of rights, the plaintiff writes:

> Federal Whistleblower Protections, Constitution Protection/Freedom of Speech First Amendment & Four & Six & Fourteenth to the U.S. Constitution Civil Rights Act of 1871, 42 U.S.C. §1983 & 42 U.S.C. §1985 The right to Us code 42,28, 18 title

> 5 color of law to file complaint against Federal and state employee discrimination against Federal and state witness in Whistle Blowers cases exposing federal agent and us attorney and government reptist misconducts fraudulent misrepresentation, negligent misrepresentation, Treason, Treason broken Sword of Oath to Protect Constitutions Law and Civil right and Cases Federal and State Witness Evidences and Life from it accuser. Us code violations Defendants and sources and Networker has Deprave Constitutions law and civil right Conspiracy against rights, Concealing a homicide death, Federal witness Protections Laws. Us code 42, 28, 18 sections 3771 & title 5 color of law &1&4&6&14 Amendment.

Id. In the "Relief Wanted" section of the complaint, the plaintiff lists "Demand Constitutions laws and civil rights," as well as "Victim Loss of Wages, victim protections law, compensations, Demand for Indictment for the accuser." Id. at 4. He also asks for $50,000,000,000 (fifty billion dollars), doctor bills, "Victim Family Business to be help by Government because Negligents of employees, Discrimnations because of race, color, religons, and UsDePartment of Justices Washington Dc to be Notify as Plaintiff has requested number times for help." Id. at 4.

### 3. *Analysis*

In late April and early May 2018, the plaintiff filed four lawsuits in the Eastern District of Wisconsin. He sued the Milwaukee FBI (18-cv-536); the Milwaukee Marshal's service (18-cv-548); the United States Attorney's Office (18-cv-684); and the Milwaukee Department of Justice and the Indianapolis FBI (18-cv-685). It appeared to the court that the plaintiff alleged in each of these cases that he had been a witness to crimes (as well as possibly a victim of crimes), and that he wanted to sue the defendant agencies and individuals because they would not help him to into a witness protection program. The court dismissed all four of those cases, explaining to the plaintiff that there was

no federal law or Constitutional provision that required the defendants to help him get the services or protections he sought.

The court suspects that this lawsuit against Homeland Security and the individual defendants involves the same allegations. The reason the court cannot be sure of that, however, is because the complaint does not explain what happened. The plaintiff has not told the story of what happened to him—when did he witness crimes? What crimes did he witness? Where was he when he witnessed the crimes? What happened to him after he witnessed the crimes? Has anyone threatened him because he witnessed the crimes? Who threatened him? When? Where? When did the plaintiff call the Homeland Security office? When did he contact the office on its web site? Who did he talk to? What did that person tell him? On the first page of the complaint, the plaintiff lists "Officers Limberg, Peter, Beceria, Somers" as defendants. But he does not explain who these people are, where they work, whether he asked them to help him, what they said if he did ask them to help him. And while he has listed laws and sections of the Constitution, he does not explain how these defendants violated any of those laws or sections of the Constitution.

The court explained to the plaintiff in its decisions in the cases filed in late April and early May that a complaint has to allege facts—who did something, what did they do, when did they do it, where did they do it, and how did what they did violate the law. See O'Neal v. Milwaukee Wisconsin FBI et al., Case No. 18-cv-536, dkt. no. 4 (E.D. Wis. June 11, 2018) (informing the plaintiff that complaints "must contain sufficient factual matter, accepted as true, that is plausible on its face" and noting that the plaintiff "has not alleged any facts that show deprivation of federal or constitutional rights."); O'Neal v. Colon et al., Case No. 18-cv-548, dkt. no. 4 (E.D. Wis. June 11, 2018) (same);

O'Neal v. Cancer *et al.*, Case No. 18-cv-684, dkt. no. 4 (E.D. Wis. June 11, 2018 (not allowing the complaint to proceed because "[plaintiff] d[id] not describe anything that any of these individuals did to him specifically"); and O'Neal v. Milwaukee Wisconsin Dep't of Justices *et al.*, Case No. 18-685, (E.D. Wis. June 11, 2018 (instructing the plaintiff that he "cannot simply file a complaint hurling unsupported accusations at someone; the plaintiff must state specific facts that show that that person has violated federal laws or the federal constitution. The plaintiff has not done that here."). The court's June 11, 2018 orders also explained to the plaintiff that just listing terms like "obstruction of justice," "fraudulent misrepresentation," "treason" and "discrimination" is not sufficient to state a claim to support a federal cause of action. See, *e.g.* O'Neal v. Milwaukee Wisconsin FBI *et al.*, Case No. 18-cv-536, dkt. no. 4 (E.D. Wis. June 11, 2018). Although the court has tried to explain to the plaintiff in prior orders what he needs to do to state a claim, he has again filed a complaint that contains nothing more than a "laundry list" of causes of action, statutes, constitutional provisions and remedies, without providing any facts.

What *is* new in this complaint is the plaintiff's list of the rights afforded to crime victims under 18 U.S.C. §3771. Maybe the plaintiff means to make a claim that the defendants denied him the rights he was entitled to under 18 U.S.C. §3771 as the victim of a federal crime. If that is what he is trying to allege, he has not provided the court with facts showing that he is a victim—he has not explained what crime was committed, who committed it or how he was the victim of that crime. Even if the plaintiff had alleged facts to show that he qualified as a victim under 18 U.S.C. §3771, subsection (d)(6) of that statute specifically precludes the plaintiff from bringing a lawsuit based on violations

6

of the statute: "Nothing in this chapter shall be construed to authorize a cause of action for damages or to create, to enlarge, or to imply any duty or obligation to any victim or other person for the breach of which the United States or any of its officers or employees could be held liable in damages." 18 U.S.C. §3771(d)(6).

The court has tried different ways of explaining to the plaintiff how to state a claim. If he believes that he has a claim, he needs to tell the story. The plaintiff must explain what happened, who did it, when it happened, and how the plaintiff was injured. That is the kind of information that a plaintiff needs to put into a complaint to allow a court decide whether it states a claim, and to allow defendants to understand what the plaintiff is accusing them of.

The court is aware that the plaintiff has, many times over the past few months (and even in the past couple of days), called the clerk's office, or called Judge Pepper's chambers, and demanded that whoever answers the phone relay messages to Judge Pepper. The court has told the plaintiff before, and it will tell him again now, that this is not the way to proceed with a lawsuit. If the plaintiff wants to tell Judge Pepper what happened to him, he should file it in writing. If he wants to tell Judge Pepper why he believes he has a claim against someone, he should file it in writing. He should not tell his story, or make his arguments, to employees of the clerk's office or chambers' staff. They cannot help him. Judge Pepper is the person who makes the decisions about whether to allow the plaintiff to proceed with his lawsuits, and she makes those decisions based on the information the plaintiff provides in written documents that he files with the court.

## II. CONCLUSION

The court **GRANTS** the plaintiff's motion to proceed without prepayment of the filing fee. Dkt. No. 2. The court **DISMISSES** this case without prejudice for failure to state a claim.

Dated in Milwaukee, Wisconsin this 17th day of December, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**